# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **BRANDON DUBOIS, ET AL.** | |
| -vs- | **CIVIL ACTION NO. 05-0433** |
| **WAL-MART STORES, INC.** | **JUDGE LITTLE** |

## RULING AND ORDER

Before the court is a Motion to Dismiss Complaint filed by Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), pursuant to FED. R. CIV. P 12(b)(6). Wal-Mart seeks dismissal of Plaintiffs', Brandon and Dara Dubois, complaint on the grounds that it fails to state a cause of action. For the following reasons, Wal-Mart's motion is granted in part and denied in part.

When considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), "[t]he court must construe the complaint liberally in favor of the plaintiff and must take all facts pleaded as true." Kane Enter. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003) (citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.1986)). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "[C]onclusory allegations or unwarranted deductions of fact," however, are insufficient to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000). "The plaintiff must plead specific facts . . . ." Id. "Finally, the court may review the documents

attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim." Kane Enter., 322 F.3d at 374 (citing Collins, 224 F.3d at 498-99).

Dara Dubois was employed by Wal-Mart in September of 2003 when she learned that she was pregnant. During her employment, she participated in the Associates' Health and Welfare Plan, which is a health plan sponsored by Wal-Mart and covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Due to complications with her pregnancy, Mrs. Dubois later took a leave of absence from Wal-Mart. She claims, however, to have made sufficient payments to continue her coverage under the Associates' Health and Welfare Plan until June of 2004.

On 5 May 2004, Mrs. Dubois gave birth to her child and incurred medical expenses in excess of $15,000.00. She filed a claim with the Associates' Health and Welfare Plan for medical expenses related to the birth of her child, but that claim was denied. Mrs. Dubois was told that her insurance coverage under the Associates' Health and Welfare Plan had been terminated prior to 5 May 2004. As mentioned above, however, she claims that she paid for coverage under the Associates' Health and Welfare Plan through June of 2004.

Plaintiffs filed suit in Pineville City Court, Rapides Parish, Louisiana on 2 February 2005. The case was removed to this court by Wal-Mart on 9 March 2005. Wal-Mart filed its Motion to Dismiss Complaint on 19 April 2005. Plaintiffs, after receiving an extension of the deadline for filing a response, failed to respond to Defendant's motion.

The complaint alleges that Mrs. Dubois was wrongfully denied the payment of benefits, and

that Wal-Mart breached various fiduciary duties by denying Mrs. Dubois's claim. It also alleges state law claims for misrepresentation of pertinent facts and conditions of the policy. Under ERISA, however, only Plaintiffs' cause of action for denial of benefits is proper. See 29 U.S.C. § 1144(a) (West 2005). ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by that act.[1] Id. ERISA preempts, therefore, any state law under which Plaintiffs might bring a claim because all of Plaintiffs' claims are predicated upon a denial of benefits under an ERISA plan. See Cefalu v. B.F. Goodrich Co., 871 F.2d 1290, 1292 (5th Cir. 1989) (holding that "if a state law relates to an employee benefit plan, it is preempted by ERISA."). For this reason, Plaintiffs' state law claims must be dismissed.

Plaintiffs' claims for breach of fiduciary duty must also be dismissed. "When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under . . . ERISA rather than a fiduciary duty claim . . . ." McCall v. Burlington Northern/Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000). The complaint asserts no facts that support a cause of action for breach of fiduciary duty; it contains only conclusory allegations that such a breach occurred. The facts stated in the complaint support only a cause of action for wrongful denial of benefits under ERISA. Plaintiffs' claim for breach of fiduciary duty, therefore, is dismissed.

Wal-Mart argues that Plaintiffs' ERISA claim for wrongful denial of benefits must be

---

[1] ERISA applies to "any employee benefit plan if it is established or maintained . . . by an employer engaged in commerce," and therefore, it clearly applies to the plan here at issue. 29 U.S.C. § 1003(a) & (a)(1) (West 2005).

3

dismissed as well because Wal-Mart is not a proper party to this suit. Under 29 U.S.C. § 1132(d)(2), "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." In light of this, Wal-Mart argues that the Associates' Health and Welfare Plan is the party from which Plaintiffs should seek redress for a denial of benefits. The Fifth Circuit, however, has held that the employer is a proper party when it was the "employer's decision to deny benefits . . . and when the employer is the plan administrator or sponsor." Musmeci v. Schwegmann Giant Super Mkts, Inc., 332 F.3d 339, 349 (5th Cir. 2003) (citing Sweet v. Consol. Aluminum Corp., 913 F.2d 268 (6th Cir.1990)). The Summary Plan Description submitted to the court by Wal-Mart indicates that Wal-Mart is both the plan sponsor and the plan administrator, and Plaintiffs contend that it was Wal-Mart who made the decision to deny Mrs Dubois benefits; therefore, Wal-Mart is a proper party to the suit. Accordingly, Wal-Mart's request that we dismiss Plaintiffs' cause of action against it for denial benefits is denied. Plaintiffs, however, should amend their complaint to include the Associates' Health and Welfare Plan as a party.

The final issue we must address is Wal-Mart's contention that punitive damages and damages for emotional distress are not available under ERISA's civil enforcement provision, 29 U.S.C. § 1132. Wal-Mart is correct; Plaintiffs may not recover punitive damages or damages for emotional distress. Medina v. Anthem Life Ins. Co., 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that have held that section 502(a)(1)(B) does not allow the recovery of extracontractual or punitive damages."); Corcoran v. United HealthCare, Inc., 965 F.2d 1321, 1338 (5th Cir. 1992)

(holding that emotional distress and mental anguish are not recoverable in an ERISA civil enforcement action). Plaintiffs' claims for punitive damages and emotional distress damages, therefore, are dismissed.

For the above stated reasons, Wal-Mart's Motion to Dismiss Complaint is GRANTED to the extent that Plaintiffs' state law claims, ERISA claim for breach of fiduciary duty, claim for punitive damages and claim for emotional distress damages are DISMISSED WITH PREJUDICE. In all other respects, Wal-Mart's motion is DENIED.

Furthermore, Plaintiffs are ORDERED to amend their complaint to include the Associates' Health and Welfare Plan as a party within the next 30 days. Failure to do so may result in the dismissal of their remaining cause of action.

Alexandria, Louisiana

28 July 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE