UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON DUBOIS, ET AL. | CIVIL ACTION NO. 05-433 |
| -vs- | JUDGE LITTLE |
| WAL-MART STORES, INC. AND ASSOCIATES' HEALTH & WELFARE PLAN | |

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Wal-Mart Stores, Inc. and the Associates' Health & Welfare Plan [Doc. #22]. For the following reasons, this motion is GRANTED and the plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

### BACKGROUND

On 2 February 2005, Brandon Dubois and Dara Dubois ("Dubois") filed suit against Wal-Mart in Pineville City Court [#1]. Dubois alleged an improper denial of medical benefits under a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et seq.* On 9 March 2005, defendant Wal-Mart Stores, Inc. removed the action to federal court [#2]. On 19 April 2005, Wal-Mart Stores, Inc. filed a motion to dismiss the complaint [#8]. Dubois, after being granted an extension of time, did not respond to this motion. On 28 July 2005, this court granted the motion in part and denied it in part [##16, 17], thereby dismissing the "state law claims, ERISA claim for breach of

fiduciary duty, claim for punitive damages and claim for emotional distress damages." The court also ordered that the plaintiffs "amend their complaint to include the Associates' Health & Welfare Plan as a party." On 9 September 2005, after receiving leave from the court, Dubois filed an amended complaint against Wal-Mart Stores, Inc. and the Associates' Health & Welfare Plan ("Wal-Mart") [#20]. On 30 September 2005, Wal-Mart filed the motion for summary judgment presently before the court, alleging that Dubois failed to exhaust required administrative remedies. On 9 November 2005, after receiving leave from the court, Dubois responded [#26]. On 23 November 2005, Wal-Mart replied [#27]. For a thorough discussion of the facts in this case, see this court's 28 July 2005 Ruling and Order [#16].

## LEGAL STANDARDS

### I. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. A dispute about a material fact is considered "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (citation and quotation marks omitted).

2

In making its determination, the court must draw "all justifiable inferences" in favor of the nonmoving party. Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325, the nonmoving party must come forward, after adequate time for discovery, with specific facts showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a "metaphysical doubt" about the material facts, Matsushita, 475 U.S. at 586, and should be more than a theoretical possibility that the claim is good. Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989).

The moving party need only point out the absence of evidence supporting the nonmoving party's case, and it "need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

## II. ERISA Exhaustion Requirement

"A claimant who is denied benefits under an ERISA plan must exhaust all

3

administrative remedies afforded by the plan before instituting litigation for recovery of benefits." Lacy v. Fulbright & Jaworski, Ltd. Liab. P'ship Long Term Disability Plan, 405 F.3d 254, 256 (5th Cir. 2005). This requirement serves a number of purposes, including "(1) uphold[ing] Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provid[ing] a sufficiently clear record of administrative action if litigation should ensue; and" avoiding *de novo* review by the federal courts. Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985); see also Meza v. Gen. Battery Corp., 908 F.2d 1262, 1279 (5th Cir. 1990).

The Fifth Circuit, however, has recognized that the exhaustion requirement does not apply "when resort to administrative remedies is futile or the remedy inadequate." Hall v. Nat'l Gypsum Co., 105 F.3d 225, 232 (5th Cir. 1997) (internal citation and quotation marks omitted); see also Coop. Benefit Adm'rs, Inc. v. Ogden, 367 F.3d 323, 336 (5th Cir. 2004) (affirming district court's granting of summary judgment because party "has not shown on appeal that she exhausted her administrative remedies, or that her efforts to exhaust would have been futile"). In such cases, the exhaustion requirement does not apply because "none of the purposes served by the exhaustion requirement would be met by denying the applicant access to the courts." Hall, 105 F.3d at 232. In addition, there is an exception when the claimant does not have "meaningful access to the administrative process." McGowin v. ManPower Int'l, Inc., 363 F.3d 556, 560 (5th Cir. 2004) (internal quotation marks omitted).

**DISCUSSION**

Dubois does not dispute that she received correspondence in August 2004 notifying her that her benefits were being denied. She also does not deny that she did not exhaust her remedies under the administrative scheme. Instead, she argues that the exceptions to the exhaustion requirement apply, thereby allowing a direct entry into federal court.

**I.     Futility**

First, Dubois argues that "any efforts by her for an administrative appeal of The Plan's decision would have been futile." Pls.' Opp'n 2. She appears to claim that this appeal would have been futile because her attempts to contact Wal-Mart informally in order to receive an explanation for her denial of benefits was unsuccessful.

The use of such informal means does not act as a substitute for the appeals process. As the Fifth Circuit has noted in a footnote, "allowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement." Bourgeois v. Pension Plan of Santa Fe Int'l Corps., 215 F.3d 475, 480 n.14 (5th Cir. 2000). Accordingly, Dubois has failed to demonstrate that resort to the appeals process would have been futile.

**II.    Reasonable Opportunity for Review**

In addition, Dubois characterizes this failure to resolve the problem through informal communications as a situation in which "Dubois was not given a reasonable opportunity for a full and fair review of The Plan's decision to deny benefits in this case." Pls.' Opp'n 2. Here Dubois notes that she could not locate her copy of the administrative guidelines because

5

she had moved several times during her employment at Wal-Mart. In addition, her attorney "submits that he did not receive a copy of Wal-Mart's guidelines that set forth the administrative process until immediately before the prescriptive date had ran for plaintiffs to file an administrative appeal with The Plan." Pls.' Opp'n 4.

In Meza v. General Battery Corp., the Fifth Circuit considered whether or not a pension plan's failure to provide a claimant with "a copy of the pension plan or of the plan summary as required by ERISA" permitted the claimant to avoid exhausting administrative remedies. 908 F.2d 1262, 1278 (5th Cir. 1990). Wal-Mart characterizes this case as stating that "plaintiffs seeking ERISA plan benefits are bound by the plan's administrative procedures and must use them before filing suit even if they have no notice of what those procedures are." Defs.' Reply 3. The court does not agree with this reading. In Meza, the Fifth Circuit notes, and Wal-Mart fails to mention, that that "if Appellees' failure to provide him with pension plan information prejudiced him in his efforts to obtain benefits to which he is otherwise entitled," a judicial remedy might exist. 908 F.2d at 1279.

Nevertheless, Dubois essentially admits that she had a copy of the proper documentation at one time. Dubois Aff. ¶ 13 (stating "[t]hat due to moving, I did not have a copy of my Wal-Mart Benefits Guidelines to give to my attorney"). As such, Dubois cannot claim that she did not have notice of the administrative procedures. Dubois' argument that she was denied a reasonable opportunity for review has no merit.

## CONCLUSION

Based on the above reasoning, Wal-Mart's motion for summary judgment is GRANTED. Accordingly, Dubois' claims against Wal-Mart are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Alexandria, Louisiana

22 February 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE